IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL GONZALES,

    Plaintiff,                    CV F 06 1357 OWW WMW PC

    vs.                          ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT

K. FRESCURE,

    Defendant.

Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant Correctional Officer Frescure, an employee of the CDCR at Corcoran State Prison.

Plaintiff's claim in this complaint is that Defendant Correctional Officer Frescure, on 5 separate occasions between September and September 24, 2006, refused to give Plaintiff his dinner. Plaintiff alleges that C/O Frescure refused to give Plaintiff his meal because Plaintiff had filed a lawsuit naming his as a defendant.

1  To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
2  defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  <u>Leer</u>
3  <u>v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a
4  plaintiff must allege that: (1) a person was acting under color of state law at the time the
5  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
6  privileges or immunities secured by the Constitution or laws of the United States.  <u>Paratt</u>
7  <u>v.Taylor</u>, 451 U.S. 527, 535 (1981).
8   "Within the prison context, a viable claim of First Amendment retaliation entails five
9  basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)
10 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
11 exercise of his first amendment rights, and  (5) the action did not reasonably advance a legitimate
12 correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005).  <u>See</u> also <u>Sorrano's</u>
13 <u>Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989)(explaining that a plaintiff must plead
14 facts which suggest "that the protected conduct was a 'substantial' or 'motivating' factor in the
15 defendant's decision") (citation ommitted).
16  Here, Plaintiff fails to allege facts indicating that the exercise of his first amendment
17 rights were actually chilled.   The allegations of the complaint indicate that Plaintiff was able to
18 file the complaint.  There are no allegations indicating an inability to pursue his case.
19  The court finds the allegations in plaintiff's complaint conclusory.   The court has The
20 complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones</u>
21 <u>v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
22 least some degree of particularity overt acts which defendants engaged in that support plaintiff's
23 claim.  <u>Id.</u>  Because plaintiff has failed to do so, the complaint must be dismissed.  The court
24 will, however, grant leave to file an amended complaint.
25  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
26

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   March 24, 2008**              /s/  William M. Wunderlich
                                         UNITED STATES MAGISTRATE JUDGE